IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARRYL D. HAMPTON,

                Plaintiff/Petitioner,

    v.

STATE OF WISCONSIN,

                Defendant/Respondent.

ORDER

15-cv-183-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Darryl Hampton has filed an untitled document in which he says that he was convicted of crimes in state court in violation of the United States Constitution. He describes what he says are a number of problems with the way that he was tried, such as ineffective assistance of counsel and jury irregularities. At the end of the document, Hampton says that he wants "his liberty reinstated" and to be "compensated" for his "false[] imprison[ment]" and "wrongful conviction."

      Hampton does not say in his pleading whether he intended to file a civil action under 42 U.S.C. § 1983 or a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Generally, challenges to a conviction are brought in the context of a habeas petition. However, monetary compensation cannot be awarded under § 2254. That type of relief is available in a § 1983 action, but only *after* the conviction has been invalidated through other means, such as a petition for a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477

1

(1994).

I will give Hampton an opportunity to tell the court whether he wishes to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 or a civil action under 42 U.S.C. § 1983. The court cannot make the choice for Hampton because each choice has different consequences.

If Hampton wishes to file a § 1983 action, he will have to pay a $400 filing fee or submit a trust fund account statement and a request to proceed in forma pauperis status under 28 U.S.C. § 1915.  If he seeks and is granted pauper status, he must pay a $350 filing fee in installments, starting with an initial partial payment calculated from the trust fund account statement covering the six-month period immediately preceding the filing of his complaint, followed by monthly payments until the fee is paid in full.  In addition, the court will screen the complaint to determine whether it states a claim upon which relief may be granted.  If the court dismisses the complaint for failure to state a claim upon which relief may be granted, the court must assess Hampton a "strike" under 28 U.S.C. § 1915(g).  If the court dismisses three civil cases for that reason, Hampton will not be entitled to proceed in future cases unless he prepays the full filing fee or shows that he is in imminent danger of serious physical injury.

If Hampton chooses to treat his filing as a habeas petition, he must pay a $5 filing fee or submit a trust found account statement so that the court can determine the amount that Hampton must prepay, using the same formula described above.  After that, the court will screen the petition to determine whether to require the government to respond.  If the

petition is dismissed on the merits, Hampton will not be permitted to file a second petition challenging the same conviction without first getting permission from the Court of Appeals for the Seventh Circuit. 28 U.S.C. § 2244(b)(3); Burton v. Stewart, 549 U.S. 147, 153 (2007).

ORDER

IT IS ORDERED that Darryl Hampton may have until April 16, 2015, to inform the court whether he wishes to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 or a civil action for damages under 42 U.S.C. § 1983. Regardless which choice Hampton makes, if he cannot pay the full filing fee, he should submit a trust fund account statement to allow the court to calculate Hampton's initial partial payment. If Hampton does not respond by April 16, 2015, I will direct the clerk of court to close the case without assessing a filing fee.

Entered this 25th day of March, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge