IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARRYL D. HAMPTON,

                  ORDER

         Petitioner,

                  15-cv-183-bbc

   v.

STATE OF WISCONSIN,

         Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   Pro se prisoner Darryl Hampton has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his conviction in State v. Hampton, No. 2013CF167 (Waukesha Cty. Cir. Ct.) for theft and misappropriation of identity on two grounds. First, he says that his trial counsel was ineffective because he refused to cross examine a police officer "about lying against the accused regarding identifying evidence." Second, he says that disputes among the jurors during deliberations deprived him of a fair trial. Petitioner has paid the $5 filing fee, so his petition is ready for screening under Rule 4 of the Rules Governing Section 2254 Cases.

   Petitioner cannot proceed at this time because he has not exhausted his remedies in state court, as required by 28 U.S.C. § 2254(b)(1)(A). O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004). To comply with the exhaustion requirement, "the prisoner must 'fairly present' his claim in each appropriate state

court (including a state supreme court with powers of discretionary review)." Baldwin v. Reese, 541 U.S. 27, 29 (2004).

In this case, petitioner acknowledges that he was not convicted until February 2015. A review of Wisconsin's online docket shows that an amended judgment of conviction was entered on April 30, 2015 and that an appeal is pending in the Wisconsin Court of Appeals. Accordingly, I am dismissing the petition without prejudice to petitioner's refiling it after he exhausts his remedies in state court. Petitioner may refile his petition after he completes the state court appeals process for all of the claims he wishes to bring in federal court.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated, reasonable jurists would not debate the decision that Hampton's petition should be dismissed because he failed to exhaust his state court remedies. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that

1. Darryl Hampton's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED WITHOUT PREJUDICE for his failure to exhaust his remedies in state court. Petitioner is free to refile a timely petition after he has finished presenting his claims to the Wisconsin state courts.

2. Petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 11th day of June, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge